**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4622-19

LOIS SPAZIANI,

     Petitioner-Appellant,

v.

BOARD OF TRUSTEES,
PUBLIC EMPLOYEES'
RETIREMENT SYSTEM,

     Respondent-Respondent.

_____

Argued December 16, 2021 – Decided January 3, 2022

Before Judges Haas and Mawla.

On appeal from the Board of Trustees of the Public Employees' Retirement System, Department of the Treasury, PERS No. x-xxxx048.

Samuel M. Gaylord argued the cause for appellant (Gaylord Popp, LLC, attorneys; Samuel M. Gaylord, on the brief).

Jonathan W. Allen, Deputy Attorney General, argued the cause for respondent (Andrew J. Bruck, Acting Attorney General, attorney; Melissa H. Raksa,

Assistant Attorney General, of counsel; Jonathan W. Allen, on the brief).

PER CURIAM

Appellant appeals from a final determination of the Board of Trustees of the Public Employees' Retirement System (Board) denying her application for ordinary disability retirement benefits under N.J.S.A. 43:15A-42. We affirm.

Appellant worked as a charge nurse at Hagedorn Psychiatric Hospital for almost ten years. A few months before she resigned her position, the State transferred her to Greystone Park Psychiatric Hospital. As a result, appellant had a much longer daily commute, and she complained her co-workers at the new facility were unkind to her. She also suffered increased pain from arthritis and other physical ailments. Appellant asserted these events caused her long-standing depression to deepen.

Appellant resigned her position on September 30, 2013, and filed an application for ordinary disability retirement benefits. In her application, appellant claimed she was disabled from "acute and chronic pain with numbness in thumbs and great toes due to nerve damage, [and] recurring depression." However, an October 23, 2014 independent orthopedic examination revealed that appellant's physical injuries were "fully resolved with no clinical residual except for mild pain on range of motion." Thereafter, appellant's application

proceeded solely on her claim she was permanently and totally disabled as a result of depression.

In support of her application, appellant submitted a May 11, 2013 letter from Terrence P. Brennan, M.A., a licensed psychologist, who had been treating appellant since 1995. Brennan stated appellant "has suffered with long term, moderate levels of depression that can best be characterized by the diagnosis of Dysthymic Disorder."

Appellant also submitted a July 29, 2013 "Ability to Do Work-Related Activities" form completed by Natalie Paul, PsyD. Paul diagnosed appellant with depressive disorder, not otherwise specified (NOS). Paul described appellant's symptoms as ranging from mild to moderate.[1]

The Board denied appellant's retirement application on April 16, 2015. She requested a hearing, and the Board transferred the matter to the Office of Administrative Law as a contested case.

The Board's expert in psychology, Dr. Daniel LoPreto, examined appellant on December 29, 2015. LoPreto reviewed the Brennan and Paul

---

[1] The form defined the term "mild" as "a slight limitation in this area, but the individual can generally function well." The form defined the term "moderate" as "more than a slight limitation in this area but the individual is still able to function satisfactorily."

A-4622-19

reports and conducted psychological testing. Based upon his evaluation, LoPreto concluded appellant was not totally and permanently disabled when she submitted her retirement application in September 2013.

LoPreto testified that Brennan, who was appellant's treating psychologist, diagnosed her in May 2013 with Dysthymic Disorder, "which is not disabling." LoPreto also noted that Paul diagnosed appellant in July 2013 with depressive disorder, NOS, which was also not a disabling condition as evidenced by Paul's conclusion that appellant's symptoms were only mild or moderate. Thus, LoPreto opined appellant was not totally and permanently disabled when she filed her retirement application in September 2013.

LoPreto agreed appellant became disabled after she left employment. However, he stated this did not occur until her son's death on October 24, 2014 at the earliest. At that point, LoPreto testified "the switch flipped" and appellant "couldn't leave her house. She walked around in her pajamas. She herself said that was a significant loss for her."

Appellant's expert psychologist, Dr. William Dennis Coffey, did not examine her until September 12, 2017, four years after she applied for disability benefits. In his April 11, 2018 report, Coffey stated:

> After reviewing the records[,] it was clear that [appellant] was applying for social security disability

and I feel that this creates a conflict of interest for me given the fact that I consult for the Department of Disability Determinations. As such I feel that I am not in a position to make a statement regarding [appellant's] disability.

When the Board's attorney asked Coffey at the hearing whether appellant was totally and permanently disabled when she left employment, Coffey replied:

I apologize for my response to this but I cannot say because I don't know what those statutes are or how to apply them but I what I would say is that at the time she left work she was totally disabled as a result of the major depression and pain and I would not be able to make a determination about her ability to return to work [and] that there would be no date of return to work at that time.

Although Coffey opined appellant suffered from major depression that prevented her performing her regular duties, he also "recommended that she be re-engaged in psychotherapeutic treatment in an effort to address her now chronic symptoms."

On May 6, 2020, the Administrative Law Judge (ALJ) issued an initial decision and concluded that appellant "was totally and permanently disabled from her position as a charge nurse at the date of her application in September 2013." In so ruling, the ALJ stated she gave greater weight to Coffey's testimony because she felt LoPreto focused more on the death of appellant's son in October 2014 than the events immediately preceding the September 2013 application.

5

After reviewing the ALJ's initial decision and the entire record, the Board rejected the ALJ's recommendation. In its July 16, 2020 final decision, the Board credited LoPreto's testimony that appellant was not totally and permanently disabled at the time she filed her application. The Board noted that Coffey had not been able to address the primary issue involved in this case because an apparent conflict with his other employment prevented him from opining whether appellant was permanently disabled. The Board also relied more heavily on LoPreto's expert testimony because he fully considered the contemporaneous reports prepared by Brennan and Paul, who did not diagnose appellant as totally and permanently disabled in 2013.

On appeal, appellant argues the Board erred in denying her application for ordinary disability benefits and contends she established by a preponderance of the credible evidence that she was "permanently disabled from the performance of her regular and assigned duties as a charge nurse." We disagree.

"Our review of administrative agency action is limited." Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011) (citing In re Herrmann, 192 N.J. 19, 27 (2007)). "An administrative agency's final quasi-judicial decision will be sustained unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record."

Ibid. (quoting Herrmann, 192 N.J. at 27-28). Our review of an agency's decision is limited to considering:

> (1) whether the agency's action violates express or implied legislative policies, that is, did the agency follow the law; (2) whether the record contains substantial evidence to support the findings on which the agency based its action; and (3) whether in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors.
>
> [In re Proposed Quest Acad. Charter Sch. of Montclair Founders Grp., 216 N.J. 370, 385-86 (2013) (quoting Mazza v. Bd. of Trs., 143 N.J. 22, 25 (1995)).]

We are required to affirm an agency's findings of fact if "supported by adequate, substantial and credible evidence." In re Taylor, 158 N.J. 644, 656-57 (1999) (quoting Rova Farms Resort, Inc. v. Inv's. Ins. Co., 65 N.J. 474, 484 (1974)). Moreover, if we are "satisfied after [our] review that the evidence and the inferences to be drawn therefrom support the agency head's decision, then [we] must affirm even if [we] feel[] that [we] would have reached a different result . . . ." Clowes v. Terminix Int'l, Inc., 109 N.J. 575, 588 (1988).

N.J.S.A. 43:15A-42 provides that a Public Employees' Retirement System member is eligible for ordinary disability retirement benefits if he or she is "physically or mentally incapacitated from the performance of a duty and should be retired." The member must establish "that he or she has a disabling condition

7

and must produce expert evidence to sustain this burden." Bueno v. Bd. of Trs., Tchrs. Pension & Annuity Fund, 404 N.J. Super. 119, 126 (App. Div. 2008). The applicant must also show that the disabling condition is total and permanent. See Patterson v. Bd. of Trs., State Police Ret. Sys., 194 N.J. 29, 42 (2008); Bueno, 404 N.J. Super. at 122, 126. In addition, "[t]o qualify for disability retirement, a member must be unable to perform his or her regular and assigned duties due to a permanently disabling medical condition present at the time the member separates from service, as a result of which disabling condition the member should be retired." N.J.A.C. 17:2-6.1(f)(3).

Contrary to appellant's argument, the Board was not required to simply accept the ALJ's finding that the Coffey's expert testimony was more persuasive than LoPreto's opinions. Because these were expert witnesses, the Board was able to make its own determination as to the probative value of the testimony. ZRB, LLC. v. N.J. Dep't of Env't. Prot., 403 N.J. Super. 531, 561-62 (App. Div. 2008). In rejecting the ALJ's conclusion that Coffey's opinions warranted greater weight, the Board stated with particularity its reasons for doing so and it thoroughly explained "why the ALJ's decision was not supported by sufficient credible evidence or was otherwise arbitrary." Cavalieri v. Bd. of Trs., Pub. Emps. Ret. Sys., 368 N.J. Super. 527, 534 (App. Div. 2004).

In crediting LoPreto's testimony, the Board noted Coffey could not state whether appellant was totally and permanently disabled at the time of her application. In addition, LoPreto's analysis fully analyzed the contemporaneous Brennan and Paul reports, while Coffey merely mentioned them in passing. Finally, Coffey conceded appellant's condition might be treatable as LoPreto suggested. Thus, the Board properly found that Coffey's limited opinion was entitled to little weight.

Applying our highly deferential standard of review, we are satisfied there is sufficient credible evidence in the record to support the Board's determination that appellant failed to meet her burden of proving she qualified for ordinary disability benefits pursuant to N.J.S.A. 43:15A-42. Because the Board's determination was neither arbitrary, capricious, nor unreasonable, we affirm.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4622-19